# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40327
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL REYES VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-634

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Juan Manuel Reyes Vasquez appeals his convictions for conspiracy and the substantive offense of possession with intent to distribute heroin for which he was sentenced to concurrent sentences of 121 months of imprisonment. He contends that the prosecutor's comments during closing argument improperly commented on his failure to testify in his own defense and improperly shifted the burden of proof to him.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40327

Review is for plain error since Reyes Vasquez did not object in the district court.  *See United States v. Virgen-Moreno*, 265 F.3d 276, 292 (5th Cir. 2001). During closing argument, the prosecutor commented that the evidence that Reyes Vasquez's voice was on the recorded conversations was unrefuted.  These comments did not impermissibly comment on Reyes Vasquez's silence or shift the burden of proof to Reyes Vasquez because they were responsive to defense counsel's closing argument that the evidence of the phone calls and voice identification involved no specific training or scientific methods or a voice comparison.  *See Virgen-Moreno*, 265 F.3d at 293-93.  Viewing the prosecutor's comments in context and in light of the jury instructions, the jury would not "naturally and necessarily" interpret the challenged remarks as a comment on the defendant's failure to testify or an impermissible shifting of the burden of proof.  *See Virgen-Moreno*, 265 F.3d at 292-93; *see also United States v. Jefferson*, 258 F.3d 405, 414 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.